LEEDY et al. v. LEHFELDT.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1908.)

No. 1,485.

APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR—ADMISSION OF PARTY.

In an action to recover a mining claim in Alaska, known as "No. 9 on Otter Creek," the question in issue was the priority of location, on which the testimony was in direct conflict and apparently about evenly balanced. Plaintiff and another witness testified that they went to the claim in the night of December 31st and after 12 o'clock staked and posted a notice on the claim, while defendants introduced testimony tending to show that there were no such stakes or notice on the claim the next morning. Plaintiff introduced a witness who testified that he resided in a cabin some distance from the claim; that about 2 o'clock that morning he awoke, and found in his cabin the remains of a luncheon, and a note, with plaintiff's name thereto, which read as follows: "2:00 a. m. Happy New Year from No. 9, Otter Creek." There was no testimony in the case that the note was written by plaintiff, or that he was at the cabin. *Held*, that such note was incompetent upon the issue on trial, or to corroborate plaintiff's testimony, as in the nature of a self-serving declaration, and that its admission under the state of the evidence was prejudicial error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4153–4160.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Albert H. Elliot, S. T. Jeffreys, T. M. Clowes, and Jos. K. Wood, for plaintiffs in error.

Albert Fink, Ira D. Orton, Gordon Hall, and Thomas H. Breeze, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. On the trial of an action of ejectment, brought by the defendant in error to recover the possession of a mining claim known as "Claim No. 9 on Otter Creek," Alaska, the question at issue was whether the defendant in error located the claim prior to the location thereof made by the plaintiffs in error, Leedy and Hannan. It was not disputed that the latter staked and located the claim at 10:30 a. m. on January 1, 1906; but the defendant in error claimed to have located it at about 1 o'clock in the morning of that day. He testified that he had previously staked the claim, but that through his failure to do the assessment work thereon the location was to expire at the end of the year 1905; that at about 9 o'clock p. m. on December 31, 1905, he left Nome in the company of one Olson for the purpose of making the location immediately after midnight, and that he and Olson, carrying their stakes, went out to the claim, which was four miles distant from Nome; that they arrived there at about 11 o'clock, and after midnight staked the claim and posted on the initial stake a location notice, after which they returned to Nome. It was proven that on February 12, 1906, the location notice was recorded in the records of the Nome recording precinct.

The testimony of Olson corroborated that of the defendant in error.

On behalf of the plaintiffs in error, Bergman, who located the claim for them, testified that he arrived on the ground at about 10:30 o'clock in the morning of January 1, 1906, and made an examination of the corners of the claim to ascertain if there had been any new stakes placed thereon; that no new stakes of any description were there; that he then proceeded to stake the claim for the plaintiffs in error, Leedy and Hannan, and posted their location notice thereon; that the ground was covered with snow at each of the corners of the claim, that the snow had not been disturbed, and showed no evidence of any person having been about the corners of the claim during the previous night; and that, if persons had been there, their footprints would have been plainly visible in the snow. The plaintiff in error Hannan testified that prior to January 1, 1906, he had prospected upon the claim and made discoveries of gold thereon in different places, and that after the claim had been staked on that day he visited it, and found the stakes placed thereon as testified to by the witness Bergman; that there were no other stakes at any of the corners of said claim, nor was there upon any of them any notice of location posted by the defendant in error; and that there were no new stakes on the claim, except those that had been placed there by Bergman. There was other testimony on behalf of the plaintiffs in error tending to show that shortly after January 1, 1906, no stakes were found on the claim, except those placed there by Bergman. It was the contention of the plaintiffs in error on the trial that the defendant in error was not upon the claim on January 1, 1906, and that no location was made by him on that day.

With this preliminary statement of the nature of the issue and the evidence, we proceed to consider the only assignment of error which we find it necessary to discuss. A witness by the name of Kuhl, called on behalf of the defendant in error, testified that on the night of December 31, 1905, he was sleeping in his cabin, which is situate about 1½ miles from the claim in controversy, and that shortly after 2 o'clock on the morning of January 1st he arose and found in his cabin the remains of a luncheon, and a note, which he had afterwards destroyed, but which he testified read as follows:

"2:00 a. m. Happy New Year from No. 9 Otter Creek. E. G. Lehfeldt."

The plaintiffs in error objected to this testimony as incompetent, irrelevant, and immaterial, as not proving any issue of the case, as hearsay and self-serving, and because no proper foundation had been made for it. The objection was overruled, and after the testimony had been given the objection was renewed by a motion to strike out the same on the grounds so stated in the objection. The motion was overruled, and the plaintiffs in error duly excepted to both rulings. The defendant in error admits that this evidence was not admissible as of the res gestæ, but contends that it was admissible in corroboration of the testimony of the defendant in error and Olson that they were at the claim on that night. There was no evidence, other than this testimony of Kuhl, that the defendant in error and Olson were

162 F.—20

at Kuhl's cabin on that night. Testimony to that effect had been proffered by the defendant in error, but it had been excluded by the court. There was no testimony that the defendant in error wrote the note, or that the note or the signature thereto was in his handwriting. All that was shown was that such a note was found by Kuhl in his cabin shortly after 2 o'clock on the morning of January 1, 1906. Evidence of the contents of the note was clearly incompetent for the purpose for which it was offered and received, namely, the corroboration of the testimony of the defendant in error and Olson that they were on the claim in dispute on that night. It was not a very important or conclusive item of evidence; but in a case where, as in this, a clearly defined issue of fact was presented, and the evidence was directly contradictory and nearly evenly balanced, it may readily be seen that such evidence, received for the purpose for which it was offered, and admitted under the sanction of the court, unaccompanied by any charge to the jury as to its probative value, may have been determinative in the minds of the jury in solving the question as to where the preponderance of the evidence lay. By its terms it purported to come from No. 9 Otter Creek, and to identify the writer with that claim as the owner or locator thereof, and the jury very probably viewed it as a declaration by the defendant in error tending to show that before 2 o'clock on the morning of that day he had located the claim. If, aside from this documentary evidence, there were in the record a clear preponderance of the evidence in favor of the defendant in error, we should not be disposed to say that its admission should afford ground for reversal; but, under the evidence as it is brought here, we are of the opinion that its admission was error prejudicial to the plaintiffs in error, for which the judgment should be reversed, and the cause remanded to the court below for a new trial.

It is so ordered.